FILED
SUPERIOR COURT
OF GUAM

2020 FEB 13 AM 11: 25

CLERK OF COURT
BY: _____ *Q*

# IN THE SUPERIOR COURT OF GUAM

PEOPLE OF GUAM,

    vs.

SHANE VINCENT PANGELINAN,
aka Shay Shay Pangelinan,
DOB: 08/22/1988,

          DEFENDANT.

MARVIN QUINATA AGUON,
DOB: 02/22/1970,

          DEFENDANT.

CRIMINAL CASE NO: CF0502-19.
GPD Report No.: 19-25936

**DECISION AND ORDER RE: PEOPLE'S MOTION TO DISMISS WITHOUT PREJUDICE**

## Introduction

This matter came before the Honorable Maria T. Cenzon on January 31, 2020 for a Pre-Trial Conference. Defendant Shane Vincent Pangelinan ("Defendant Pangelinan") was present and represented by Attorney Jeffrey Moots. Defendant Marvin Quinata Aguon ("Defendant Aguon") was present and represented by Attorney Zachary Taimanglo of the Public Defender's Office. Attorneys Sean Brown and Alysa Draper-Dehart were present for the People of Guam (the "People"). At the Pre-Trial Conference, the People raised an oral Motion to Dismiss the matter *without prejudice* against Defendant Pangelinan. The Court granted the Motion. The Court further vacated the Jury Selection and Trial date in the matter set for February 3, 2020. The Court now issues this Decision and Order memorializing its oral ruling.

## Background

Defendant Pangelinan is charged with Theft of an Automobile (As a 2nd Degree Felony). Indictment (Sept. 24, 2019). Defendant Aguon is charged with Unauthorized Use of a Motor Vehicle (As a Misdemanor). *Id.* Defendant Pangelinan previously asserted his right to a speedy

trial in this matter pursuant to 8 GCA § 80.60 and the Sixth Amendment of the United States Constitution. Assertion of Speedy Trial (Dec. 18, 2019). Defendant Aguon previously waived his right to a speedy trial. Waiver of Speedy Trial (Nov. 4, 2019).

On January 31, 2020, the Court held a Pre-Trial Conference for this matter. Minute Entry (Jan. 31, 2020). Prior to the Pre-Trial Conference, the People filed a request for a Material Witness Warrant. People's Request for Material Witness Warrant (Jan. 30, 2020). In the request, the People asked the Court to issue an arrest warrant for a material witness, pursuant to 8 GCA § 75.40(a), for purposes of securing the witness's appearance at trial. *Id.*

During the Conference, the People amended their request, and asked the Court to issue an Order to Locate a Material Witness for the purposes of serving a subpoena. Minute Entry (Jan. 31, 2020). The Court denied the People's request. *Id.* After their request was denied, the People orally moved to dismiss the matter against Defendant Pangelinan *without prejudice. Id.* Defendant Pangelinan did not object to the oral Motion. *Id.* The Court granted the request and dismissed the matter *without prejudice* against Defendant Pangelinan. *Id.* The Court then granted Defendant Aguon's request to vacate Jury Selection and Trial scheduled for February 3, 2020, as Defendant Aguon previously waived his right to a speedy trial. *Id.*

## Discussion

When considering a Motion to Dismiss brought by the People under 8 GCA § 80.70(a), the Court adopts the "presumption that [the prosecutor] is acting in good faith and in the proper discharge of his duties." *People of Guam v. Gutierrez*, 2005 Guam 19 ¶ 51 (quoting *U.S. v. Greater Blouse, Skirt & Neckwear Contractors Association*, 228 F. Supp. 483, 486 (S.D.N.Y. 1964)). Defendant Pangelinan did not object to the People's Motion to Dismiss without prejudice. The record does not reflect any basis for finding the People's Motion was brought in bad faith or emblematic of any harassment requiring judicial or statutory protection. *See Gutierrez*, 2005 Guam 19 at ¶ 49 (quoting *Rinaldi v. United States*, 432 US 22, 32 (1977) ("The principal object of the 'leave of court' requirement is apparently to protect a defendant against

prosecutorial harassment, e.g., charging, dismissing, and recharging, when the Government moves to dismiss an indictment over the defendant's objection.")).

The Court must address the concern that the People raised the Motion near the commencement of trial. The Court is required to ensure that the dismissal was not employed by the People as a tactic aimed at gaining an unfair advantage over the Defendant by jury shopping or to lay further groundwork for a pattern of harassment. If charges are repeatedly brought but then dismissed essentially on the eve of trial, the Defendant could be deprived of the opportunity for vindication by an acquittal. *See Gutierrez*, 2005 Guam 19 at ¶¶ 53-54 (citing cases where prosecutorial actions evidenced these two scenarios and supported finding the prosecution acted in bad faith when seeking dismissal).

Here, the Court notes that the People requested the Court issue an Order to Locate a Material Witness at the Pre-Trial Conference, only three days before the commencement of Jury Selection and Trial. However, at the Pre-Trial Conference, the People explained their multiple previous attempts to contact the material witness with no success. After the Court denied the request, the People moved to dismiss the matter without prejudice against Defendant Pangelinan based on their inability to contact a material witness. While this request does come at the eve of trial, the Court accepts the People's representation that they made various attempts to contact the material witness and requested assistance with the Court only as a last resort. Thus, the Court accepts the People's explanation for seeking dismissal near the commencement of trial. The Court's examination of the record does not reveal any other possible basis for disturbing the presumption of good faith.

When the Court has no evidence of prosecutorial bad faith or even the allegation of such by Defendant, then it stands that the presumption of good faith alone "permits the [C]ourt to dismiss without prejudice." *People of Guam v. Flores*, 2009 Guam 22 ¶ 29 (quoting *U.S. v. Olson*, 846 F.2d 1103, 1114 (7th Cir. 1988)). With the good faith presumption unchallenged by Defendant, the statute generally limits the Court to "two options: grant or deny the motion to

dismiss the indictment." *Gutierrez,* 2005 Guam 19 at ¶ 64 (quoting *U.S. v. Salinas,* 693 F.2d 348, 351 (5th Cir. 1982)).

Importantly, no prejudice will attach here by the Court granting the Motion. The law in Guam does not generally authorize "trial courts to *sua sponte* dismiss indictments with prejudice" when considering an 8 GCA § 80.70(a) Motion. *Gutierrez,* 2005 Guam 19 at ¶ 69. Any collateral prejudice suffered by Defendant due to a dismissal without prejudice may be cured in a separate expungement proceeding when appropriate. The Court in granting the instant Motion does not foreclose this remedy.

Because there is no basis for abandoning the presumption of prosecutorial good faith, the Motion to Dismiss *without prejudice* against Defendant Pangelinan is GRANTED.

### Conclusion and Order

Based on the reasons provided above, the Court hereby ORDERS **CF0502-19** DISMISSED WITHOUT PREJUDICE *only as to Defendant Pangelinan* pursuant to 8 GCA § 80.70 upon the People's voluntary dismissal. The Court vacates any conditional release orders and restrictions which Defendant Pangelinan is ordered to follow in this case. All subsequent pleadings and other documents filed in this matter shall only reference Defendant Aguon.

A Criminal Trial Setting will be held on **March 10, 2020, at 11 A.M.** for Defendant Aguon.

FEB 13 2020

SO ORDERED this _____, *nunc pro tunc* January 31, 2020.

_____
HONORABLE MARIA T. CENZON
JUDGE, SUPERIOR COURT OF GUAM

SERVICE VIA COURT BOX
I acknowledge that a copy of the original hereto was placed in the court box of: 1) MKC
2) CUMURE'A WOK
FEB 13 2020 Time: 11:30A
Date:
Deputy Clerk, Superior Court of Guam